UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HAM IV REALTY, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| USROOFCOATERS, INC., and CASTAGRA PRODUCTS, INC., | ) ) ) |
| Defendants, | ) ) Case No. 3:22-cv-30142-MGM |
| CASTAGRA PRODUCTS, INC., | ) ) ) |
| Third Party Plaintiff, | ) ) |
| vs. | ) ) |
| JOHN CHRISTINA, | ) ) |
| Third Party Defendant. | ) |

<u>MEMORANDUM AND ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL
DEFENDANT CASTAGRA PRODUCTS, INC. TO PRODUCE DOCUMENTS AND
CASTAGRA PRODUCTS, INC'S CROSS-MOTION FOR PROTECTIVE ORDER</u>
(Dkt. Nos. 68, 78)

I.   <u>Introduction and Relevant Background</u>

This matter, which has been referred to the undersigned for purposes of pretrial management (Dkt. No. 39), is before the court on the motion of the plaintiff HAM IV Realty LLC ("HAM IV") to compel defendant and third-party plaintiff Castagra Products, Inc. ("Castagra") to produce documents and Castagra's cross-motion for a protective order limiting the disclosure of those documents following their production. The instant action was filed by HAM IV seeking to recover from defendants US Roof Coaters, Inc. ("USR") and Castagra for alleged defects in work done by USR to repair the roof of a building owned by HAM IV. USR used Castagra's product to repair the roof. USR carried general liability insurance issued by

1

Motorist Commercial Mutual Insurance Company ("Motorist"), which has filed a related case in this court disputing coverage for USR's liability, if any, in the instant case.[1] HAM IV's motion seeks production of documents that Castagra concedes are relevant and that it is required to produce. Indeed, it has already produced the documents to USR and to third-party defendant John Christina. The narrow dispute between the two parties before the court concerns the terms of the protective order that will govern to whom the documents can be disclosed after Castagra produces them to HAM IV. The documents disclose the formulation of Castagra's products and related information about manufacturing, quality assurance processes, and recommended usages (Dkt. No. 69-3 at 3, ¶ 8; Dkt. No. 78-2 at 1-2). HAM IV does not dispute that there should be a protective order limiting disclosure of Castagra's confidential and trade secret information but takes the position that the protective order should permit disclosure of the documents to Motorist under stringent conditions protecting their confidentiality. This is so, HAM IV argues, because the coverage dispute concerns whether USR's defective workmanship and/or a defect or defects in Castagra's products were responsible for the leaks in the roof of HAM IV's building and whether the events that caused the leaks were an "occurrence" under the Motorist general liability policy that triggers coverage for USR as to HAM IV's claims. Castagra takes the position that it is not a party to Motorist's coverage suit and that the documents it has thus far failed and refused to produce to HAM IV include confidential trade secret and commercial information and should not be disclosed to Motorist.

II.     Analysis

---

[1] Motorist Commercial Mutual Insurance Co. v. US Roof Coaters, Inc., No. 3:23-cv-12498-MGM (D. Mass. filed Oct. 24, 2023) ("Coverage Litigation").

Because the court writes primarily for the parties, who are familiar with the factual background and the procedural history of the instant action and the Coverage Litigation, the court moves directly to the narrow issue before it.

Pursuant to Fed. R. Civ. P. 26(c)(1),

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending …. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> …
>
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way;
>
> ….

Fed. R. Civ. P. 26(c)(1).

"It is implicit in Rule 26(c)'s 'good cause' standard that ordinarily (in the absence of good cause) a party receiving discovery materials might make them public." *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 790 (1st Cir. 1988). "'The party or person seeking a protective order, including an order limiting another party's right to disseminate information obtained in discovery, has the burden of demonstrating good cause.'" *Sweet v. Polaris Indus., Inc.*, Case 3:21-cv-40076-MGM, 2022 WL 974139, at *2 (D. Mass. Mar. 31, 2002) (quoting *Polo v. Time Warner Cable, Inc.*, Case No. 3:16-cv-11400-MGM, 2017 WL 2836996, at *2 (D. Mass. June 30, 2017); *see also Green v. Cosby*, No. 14-cv-30211-MGM, 2015 WL 9594287, at *4-5 (D. Mass. Dec. 31, 2015); *Baker v. Liggett Grp., Inc.*, 132 F.R.D. 123, 125 (D. Mass. 1990)). "A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." *Id.* (citing *Baker*, 132 F.R.D. at 125). "It is … up to the trial court

'to weigh fairly the competing needs and interests of parties affected by discovery.'" *United States v. Mass. Gen. Hosp., Inc.*, ACTION NO. 15-11890-ADB, 2021 WL 11749764, at *5 (D. Mass. Feb. 16, 2021) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). "This process is 'highly flexible' and 'requires an individualized balancing of the many interests that may be present in a particular case.'" *Id.* (quoting *Gill v. Gulfstream Park Racing Ass'n, Inc.*, 399 F.3d 391, 402 (1st Cir. 2005)). "Where the court finds that the weighing of interests establishes good cause for the entry of a protective order, '[t]he unique character of the discovery process requires that the trial court have substantial latitude' to fashion an appropriate order." *Id.* (quoting *Seattle Times Co.*, 467 U.S. at 36).

The court first addresses the parties' respective posture in connection with the pending motions. According to HAM IV's submission in support of its motion to compel, Castagra responded to the two sets of document production requests that HAM IV served on Castagra on December 5, 2023, and June 13, 2024, and made a further production of documents on July 8, 2024 (Dkt. No. 69-2 at 13, 26, 30). In connection with Castagra's response to HAM IV's second set of document production requests, Castagra repeatedly represented that it was withholding documents that are admittedly responsive to HAM IV's document requests and relevant to HAM IV's claims against Castagra because the parties had not agreed on the terms of a protective order (Dkt. No. 69-3 at 3, ¶¶ 6-7). HAM IV represents, and Castagra does not dispute, that the parties reached an obvious impasse on the issue before the court in or around July 2024. Federal Rule of Civil Procedure 26(c)(1) provides that any party (or person) from whom discovery is sought may move for entry of a protective order. Notwithstanding that the parties had reached an impasse on a narrow issue, Castagra rested on its objection to producing documents without moving for entry of a protective order. Castagra, however, had "a continuing obligation to

4

cooperate in discovery that falls within the boundaries established by Rule 26" and was not entitled to simply stonewall and refuse to produce documents without seeking protection from this court. *Autoridad de Carretas y Transportacion v. Transcore Atl., Inc.*, 319 F.R.D. 422, 439 (D.P.R. 2016) (imposing sanctions when a party "did not bother to seek a protective order" but simply failed to appear for a Rule 30(b)(6) deposition and did not file a motion for a protective order until a full week after the deposition date had passed).

As previously noted, HAM IV does not dispute that there is good cause for entry of a protective order. Castagra's product formulas, information about testing, quality assurance processes, and recommended uses are trade secrets, and it has represented that it possesses other relevant, responsive confidential information (Dkt. No. 78-2). Documents evidencing such information are entitled to protection from general disclosure. The narrow question before the court is whether that protective order should permit the limited sharing of Castagra's confidential and trade secret information with Motorist that HAM IV proposes. Weighing the respective interests of the parties and taking into account the court's obligation to manage this case and the related Coverage Litigation to determinations that are as speedy and inexpensive as possible, *see* Fed. R. Civ. P. 1, and Castagra's delay in cooperating in discovery, the court finds that it should. *See Mass. Gen. Hosp.*, 2021 WL 11749764, at *6 (considering whether permitting plaintiff to share information produced in discovery would "derail the orderly progression of this case toward resolution").

HAM IV has argued persuasively that information concerning the formulation, properties, and recommended uses of Castagra's product may be relevant to the coverage issue raised in Motorist's complaint (Dkt. No. 69 at 2). In support of its contention, HAM IV has pointed to, among other cases, a case decided under Pennsylvania law in which the United States

Court of Appeals for the Third Circuit held that a contractor's use of a defective product that caused damage might constitute an occurrence triggering coverage under a general liability policy. *See Nautilus Ins. Co. v. 200 Christian St. Partners LLC*, 819 F. App'x 87, 89 (3d Cir. 2020) (unpublished). Thus, for purposes of this motion, HAM IV has sufficiently shown that the formulation, testing, and recommended uses of Castagra's product used by USR is information that is potentially relevant in the Coverage Litigation. Castagra has not disputed HAM IV's contention about the relevance of its confidential information in the Coverage Litigation (Dkt. No. 78). To the contrary, Castagra appears to implicitly acknowledge the possible relevance of its confidential and trade secret information to the coverage question, noting that "[t]he parties to the Insurance Action have other avenues available to them to seek this information from Castagra" (Dkt. No. 78 at 7).

Absent Castagra's agreement to the limited sharing of its confidential and trade secret information proposed by HAM IV, which has not been forthcoming, the only "other avenue[]" for Motorist to obtain that information, so far as the court is aware, is a Rule 45 subpoena served on Castagra in the Coverage Litigation. HAM IV alleges that Castagra is a Nevada corporation (Dkt. No. 25, Second Am. Compl., ¶ 3). Federal Rule of Civil Procedure 45 provides, as to place of compliance, that a Rule 45 subpoena duces tecum, while issued by the court in which the litigation is pending, can only command the person producing documents to do so "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person …." Fed. R. Civ. P. 45 (a)(2), (c)(2). If Castagra objects to producing its confidential information in the Coverage Litigation, as it very well may do, the requesting party would be required to "move the court for the district where compliance is required [here, Nevada] for an order compelling production . . . ." Fed. R. Civ. P. 45(d)(2)(B)(i). It is reasonable to infer that

6

Castagra's conduct in discovery if it were served with a Rule 45 subpoena in the Coverage Litigation, where it is not a party, would be as dilatory as it has been in the instant action, where its conduct in discovery has not been exemplary.

Castagra argues that there is good cause for the protective order it has proposed which prohibits HAM IV from disclosing Castagra's confidential and trade secret information to Motorist because Castagra takes steps to prevent competitors from learning its trade secrets by not disclosing the products' formulas to the public and not disclosing its trade secret information unless third parties agree in writing to keep the trade secrets confidential (Dkt. No. 78 at 4; Dkt. No. 78-2 at 1-2).  In many cases involving trade secrets, the parties to the case are business competitors concerned about the disclosure of trade secrets to business competitors during litigation.  *See, e.g., Wang Labs., Inc. v. CFR Assocs., Inc.*, 125 F.R.D. 10, 13 (D. Mass. 1989).  Motorist is an insurance company and is not a business competitor of Castagra.  Thus, disclosure of Castagra's confidential and trade secret information to Motorist does not present the risk that arises in cases such as the *Wang Labs.* case.

Castagra's related good cause contention is that the disclosure of its confidential and trade secret information to Motorist risks disclosure of its confidential information, including trade secret information, to the general public.  Castagra has not made any particular factual demonstration of potential harm.  It has, instead, relied on the conclusory assertion that a sharing of confidential information with a non-competitor, even under stringent non-disclosure provisions, presents a risk of public disclosure of its trade secrets.  That is not sufficient to show good cause for the restriction on limited sharing that Castagra seeks to impose on HAM IV.  *See, e.g., Sweet*, 2022 WL 974139, at *2.  The concern Castagra identifies is overblown.  HAM IV's proposed protective order "guarantees that 'confidential' [and trade secret] information will be

7

disclosed only to specific persons connected to this lawsuit [and the Coverage Litigation] and [will] be used only in connection with the lawsuit [and the Coverage Litigation.].*"* *Haemonetics Corp. v. Baxter Healthcare Corp.*, 593 F. Supp. 2d 298, 302 (D. Mass. 2009). In this case, as in the *Haemonetics Corp.* case,

> [HAM IV's proposed protective order] is specifically designed to protect 'trade secrets and other confidential research, development, or commercial information'. [Castagra] has failed to proffer any reason why 1) the [HAM IV proposed protective order] is insufficient, 2) that order would be violated, or 3) the Court should anticipate that the documents will fall into the wrong hands or be misused. Therefore, the risk of injurious dissemination, which [Castagra purports to] fear[], is unsubstantiated.

*Id.* Moreover, permitting the sharing that HAM IV's proposed protective order authorizes will assist in "the orderly progression of this case [and the Coverage Litigation] toward resolution." *Mass. Gen. Hosp.*, 2021 WL 11749764, at *6.

III.   Conclusion

For the foregoing reasons, the court DENIES Castagra's motion for a protective order, and GRANTS HAM IV's motion to compel Castagra to produce the relevant documents it has withheld from production by no later than December 24, 2024, which is 14 days from entry of this order. The proposed protective orders submitted by the parties are substantially, although not wholly, similar except with respect to the disclosure provisions (Dkt. No. 69-1; Dkt. No. 78-1). Counsel for HAM IV and Castagra are directed to sign the protective order proposed by HAM IV on behalf of their clients by no later than December 17, 2024. HAM IV is directed to file a copy of the executed protective order on the docket of this case by no later than December 24, 2024.

It is so ordered.

Dated:  December 10, 2024                                             Katherine A. Robertson
                                                                                         KATHERINE A. ROBERTSON

U.S. MAGISTRATE JUDGE